# EXHIBIT A

**WASHINGTON STATE SUPERIOR COURT**
**KING COUNTY**

| | |
|---|---|
| GEOFFREY GRAY, AARON MILLER, ADAM BOGLE, ANDRE LYLE, BENJAMIN WHEELER, BLAINE SCHIESS, BRADLEY SAWAYA, CASEY BURNS, CAITLYN LOMEN-CARR, CHRISTODOULOS PANERIS, DANIEL HJELMESETH, DAVID LAWTON, DEBORAH FLETCHER, DONNA TEGNELL, DYLAN BECKNER, ERIC HANSEN, GARY GORDON, JAMES HOWARD,  JANA CRAWFORD, JAY SARVER, JEREMY BIRCHFIELD, JEREMY GREENE, JOE DEGROAT, JOHN WINSTON, JORDAN LONGACRE, JOSEPH GREENE, JUSTIN COCHRAN, KERRY STRAWN, LARRY FROSTAD, LYNN NOWELS, MERRIEGRACE LA PIERRE, MICHAEL BROWN, MICHAEL URIBE, MICHAEL WATKINS, NATHAN KESLER, NICHOLAS AUCKLAND, NICOLE PREZIOSI, PETER DUNCAN, RICHARD OSTRANDER, ROBERT WASHABAUGH, RODNEY PELHAM, RONALD VESSEY, RYAN EUBANK, SCOTT SCHUTT, SEAN MORGAN, SHASTA ATKINS, SHERI FERGUSON, SOMMER BECKNER, STACY KATYRYNIUK, STEPHEN AUSTIN, STEVE TURCOTT, STEVE WALKER, TERRY DUNN, TODD HUMPHREYS, TYLER RATKIE, WENDY PUNCH, | **CASE NO.**<br><br>**COMPLAINT**<br><br>JURY DEMANDED |

COMPLAINT                           1        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

WILLIAM DUBOSE, VICTORIA GARDNER, BRION HOGAN, BRADY TODHUNTWER, CRAIG HENRIKSEN, GABRIEL NEWMAN,  LAVORN CHETH, PAM WHORALL, MIROSLAV TSANEV, SHAUN BUKOVNIK, ROBERT COVINGTON.

Plaintiffs,

v.

WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, a Washington State Agency; AMY M. SCARTON, an individual.

Defendant.

## I.   **INTRODUCTION**

1.   This is an action involving common issues amongst the Plaintiffs.

2.   Plaintiffs are former Washington State Department of Transportation (DOT) employees whose continued public employment DOT terminated without their consent.

3.   Plaintiffs assert claims against DOT and its former Deputy Secretary, Amy M. Scarton, because they were Plaintiffs' "employer" as that term is defined RCW 49.60.040(11).

4.   Plaintiffs allege Defendants wrongfully terminated their continued public employment in violation of WLAD and against Washington's stated public policy.

5.   Plaintiffs seek prospective injunctive relief of reinstatement and monetary damages.

6.   To support their claims, Plaintiffs allege as follows:

COMPLAINT                                    2          **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

## II.    PARTIES

7.    Plaintiffs, at all material times, were Washington residents and employed by DOT.

8.    Defendant DOT is a cabinet-level agency of the State of Washington that, at all material times, employed each Plaintiff.

9.    At all material times, Defendant Scarton is a natural person who resides in King County, Washington and at all material times hereto was the Deputy Secretary of DOT.

10.    Defendant Scarton was, at all material times hereto, the ultimate decision maker who implemented the policies and procedures that applied the Governor's Proclamation 20-14; 20-14.01; and 20-14.0201.

11.    Defendant Scarton was the person who, while acting on DOT's behalf, set in motion an unbroken chain of events that caused each Plaintiff's continued public employment to be terminated.

12.    Defendant Scarton, at all material times was, and currently is, a King County resident.

## III.    JURISDICTION AND VENUE

13.    Plaintiffs reallege Paragraphs 1-12.

14.    The Washington Superior Courts have subject matter jurisdiction to determine Plaintiffs' claims against Defendants Scarton and DOT pursuant to Wash. Const. Article IV, §6, and RCW 2.08.010.

COMPLAINT                                        3          **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

15.     Venue is proper in the King County Superior Court because Defendant Scarton resides in this County and she made the majority of decisions and committed the majority of acts that caused each Plaintiff's continued public employment to be terminated in King County, Washington and, therefore, most of the evidence and the key DOT actor are all located in King County, Washington.

16.     Additionally, Plaintiffs Dubose, Morgan, Duncan, Preziosi, Kesler, Paneris, Lawton, and Longacre all worked from the DOT location in King County, Washington and at least one, Paneris, remains a resident of King County, Washington.

## IV.    FACTS

17.     On August 9, 2021, Washington's Governor issued Proclamation 21-14. It was effective upon issuance.

18.     Proclamation 21-14 required all State agency employees, including Plaintiffs, to become "fully vaccinated" by receiving either one Johnson & Johnson COVID-19 vaccine injection or two Pfizer or Moderna COVID-19 Vaccine injections by October 18, 2021 or apply for and granted an exemption from the requirement to be fully vaccinated and their exemption be accommodated or else their continued public policy was subject to being involuntarily terminated (Get Vaccinated, Accommodated or be Terminated Mandate).

19.     On August 20, 2021, the Governor amended and superseded Proclamation 20-14 by issuing Proclamation 21-14.1 that was effective when it was issued.

20.     Proclamation 21-14.1 contained the Get Vaccinated, Accommodated or be Terminated Mandate.

COMPLAINT                          4        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

21.     On September 27, 2021, the Governor amended and superseded Proclamation 20-14.1 by issuing Proclamation 21-14.2 that was effective when it was issued.

22.     Proclamation 21-14.2 contained the Get Vaccinated and Accommodated or be Terminated Mandate.

23.     Proclamation 21-14.; 21-14.1.; and 21-14.2 required all state agencies, including DOT to comply with the Washington and Federal Constitutions, statutes and laws, including the Washington Law Against Discrimination embodied in Ch. 49.60 RCW (WLAD) and to comply with them when implementing and applying them within their agency, including making exemption and accommodation decisions respecting their employees.

24.     These Proclamations all stated the State's interest in the Get Vaccinated, Accommodated or be Terminated Mandate was to stem the spread of COVID-19.

25.     Subsequently to Proclamation 21-1.1 being issued, the State Office of Financial Management (OFM) issued guidance to each State agency providing that each agency should promulgate that agency's official policy implementing and applying the Get Vaccinated and Accommodated or be Terminated Mandate within the agency, and specifically its official policy regarding exemption and accommodation decisions regarding its employees.

26.     Defendant Scarton was the individual who created and promulgated DOT's official policy that implemented and applied the Get Vaccinated and Accommodated or be Terminated Mandate within DOT, and specifically DOT's official policy to make exemption and accommodation decisions regarding DOT's employees.

COMPLAINT                                      5            **ARNOLD JACOBOWITZ & ALVARADO PLLC**
                                                                        720 Seneca Street, Ste. 107, No. 393
                                                                        Seattle, WA 98101
                                                                        (206) 799-4221

27. Defendant Scarton, at all material times, was DOT's ultimate decision maker for the way the Get Vaccinated, Accommodated or be Terminated Mandate was implemented and applied to DOT employees, and specifically how exemption and accommodation decisions were made by DOT for its employees.

28. Defendant Scarton's actions set in motion a series of unbroken events that caused each Plaintiff to be denied an accommodation and their continued public employment with DOT to be involuntarily terminated.

29. Each Plaintiff applied for a religious exemption from the Get Vaccinated, Accommodated or be Terminated Mandate prior to October 18, 2021.

30. Each Plaintiff asserted in their respective request for exemption that they each sincerely held a religious belief that interfered with their ability to become fully vaccinated and comply with the Get Vaccinated, Accommodated or be Terminated Mandate.

31. Defendants granted each Plaintiff a religious exemption to the Get Vaccinated, Accommodated or be Terminated Mandate.

32. Each Plaintiff, in fact, sincerely held a religious belief that interfered with their ability to become fully vaccinated and comply with the Get Vaccinated and Accommodated or be Terminated Mandate.

33. Defendants considered each Plaintiff's religious exemption request.

34. Defendants granted each Plaintiff's religious exemption request.

35. Defendants' official policy regarding accommodation decisions provided a mechanism by which DOT had unbridled discretion to make individualized accommodation

COMPLAINT                                6       **ARNOLD JACOBOWITZ & ALVARADO PLLC**

decisions for each exempt DOT employee without regard to whether they were exempted for religious or secular reasons.

36. Defendants exercised the discretion they bestowed upon themselves when they considered whether to accommodate each DOT employee to whom they granted an exemption.

37. This discretion permitted Defendants to decide which unvaccinated DOT exempt employees could continue their public employment and which DOT employees would not continue their public employment.

38. Defendants exercised the discretionary mechanism to treat DOT's religiously exempt employees differently and less favorably than DOT's secularly exempt employees.

39. 572 DOT employes applied for a religious exemption the Get Vaccinated and Accommodated or be Terminated Mandate.

40. Of those 572 DOT employees who applied for a religious exemption, 11 withdrew their request because they resigned or were coerced to abandon their sincerely held religious beliefs and became fully vaccinated.

41. DOT granted 457 of the remaining 561 religious exemption requests.

42. DOT denied the remaining 104 religious exemption requests.

43. DOT only accommodated 52 of their religiously exempt employees.

44. DOT denied accommodation to the remaining 404 DOT religiously exempt employees.

COMPLAINT                                     7        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
                                                       720 Seneca Street, Ste. 107, No. 393
                                                       Seattle, WA 98101
                                                       (206) 799-4221

45.    On the other hand, 162 DOT employees requested secular exemptions from the Get Vaccinated and Accommodated or be Terminated Mandate.

46.    Three secular exemption requests were withdrawn.

47.    DOT granted all the remaining 159 secular exemption requests,

48.    Of the 159 secularly exempt DOT employees, 27 withdrew their accommodation requests.

49.    DOT accommodated 122 of the remaining 132 secularly exempt employees.

50.    DOT denied accommodation to DOT's remaining 10 exempt employees.

51.    The unvaccinated secularly exempt DOT employees were similarly situated to the unvaccinated religiously exempt DOT employees because they each were unvaccinated, required to perform the same public-facing essential job functions, and, thus, posed the same perceived risk of becoming infected and transmitting the virus.

52.    OFM's guidance provided each State agency should review any decision it makes to accommodate an agency's exempt employee every 60 days.

53.    DOT's official policy that implemented and applied the Get Vaccinated and Accommodated or be Terminated Mandate treated religiously exempt DOT employees differently and less favorably than secularly exempt DOT employees in the accommodation process.

COMPLAINT                                              8        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

54. DOT did not promulgate its official policy that implemented and applied the Get Vaccinated and Accommodated or be Terminated Mandate in accordance with the rule-making provisions in Washington's Administrative Procedures Act, Ch. 34.05 RCW

55. DOT's official policy that implemented and applied the Get Vaccinated and Accommodated or be Terminated Mandate was not generally applicable because it provided a mechanism by which Defendants bestowed upon themselves unbridled  discretion to make individualized accommodation decisions.

56. OFM's guidelines stated each agency was to make accommodation decisions based on the most current medical information.

57. DOT did not follow OFM's guidance because the most current medical information at the time Defendants were making their accommodation decisions showed the true threat DOT accepted by allowing its fully vaccinated employees to continue their public employment would not appreciably increase if it allowed its unvaccinated exempt employees to continue their public employment.

58. Additionally, the most current medical information at the time Defendants were making their accommodation decisions showed that a previously infected DOT employee had equal or more immunity from contracting COVID than DOT's fully vaccinated employees, yet DOT's official policy t unequivocally and without exception forbade DOT from considering natural immunity when making an accommodation decision.

59.     The most current medical information at the time Defendants were making their accommodation decisions showed the then available COVID-19 vaccines did not reduce a fully vaccinated individual's risk of contracting COVID and transmitting it to others.

60.     Instead, the current medical information at the time Defendants were making their accommodation decisions showed the COVID-19 vaccines then available were a therapeutic medical treatment that may have reduced an infected individual from experiencing serious health after becoming infected.

61.     The mass terminations caused by DOT's official policy that implemented and applied the Get Vaccinated and Accommodated or be Terminated Mandate resulted in staffing shortages within DOT.

62.     The staffing shortages imposed a burden on DOT and the public by reducing DOT's capacity to provide ferry and other transportation services to the public.

63.     To fulfill its responsibilities to the public, DOT hired contractors to fulfill its needs Defendants created by the staffing shortages related to the mass layoffs that occurred because DOT's employees could not or would not get vaccinated.

64.     DOT did not require these contractors to abide by DOT's official policy that implemented and applied the Get Vaccinated, Accommodated or be Terminated Mandate.

65.     Instead, DOT permitted the replacement contractors it hired to make their own accommodation decisions.

66.     In fact, some Plaintiffs began working for contractors who exempted them from having to comply with the Get Vaccinated, Accommodated or be Terminated Mandate and then

COMPLAINT                                        10        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

accommodated their religious exemption, thereby allowing those same unvaccinated Plaintiffs to resume providing the same essential job functions they had provided to DOT when they were DOT employees.

67.    DOT's official policy that implemented and applied the Get Vaccinated, Accommodated or be Terminated Mandate required Plaintiffs and other DOT employees who sincerely held religious beliefs that interfered with their ability to become fully vaccinated and comply with the Get Vaccinated, Accommodated or be Terminated Mandate asked required all DOT employees who requested a religious exemption to disclose their personal health care information regarding their past health care history. This requirement was not carefully tailored to serve any legitimate State interest.

68.    DOT's official policy that implemented and applied the Get Vaccinated, Accommodated or be Terminated Mandate chilled all DOT employees who sincerely held religious beliefs that interfered with them becoming fully vaccinated from pursuing a religious exemption or a religious accommodation.

69.    Instead, these DOT's employees that qualified for an exemption or accommodation either resigned or became fully vaccinated, thereby abandoning their sincerely held religious beliefs as well as their personal autonomy over their body and health care decisions.

70.    Despite the chilling effect of the Get Vaccinated, Accommodated or be Terminated Mandate and DOT's official policy that implemented and applied it, Plaintiffs are amongst the few DOT employees who asserted their rights to freely exercise their sincerely held

COMPLAINT                                    11      **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

religious beliefs as well as their rights to be treated on par with secularly exempt employees and be free from unwanted intrusions into their private affairs.

71.    Based on their course of dealing with DOT and their statutory and other rights, each Plaintiff had a reasonable belief in continued public employment unless they were terminated for cause because each of them could not freely exercise their sincerely held religious beliefs and become fully vaccinated or start the process by October 18, 2021.

72.    OFM's guidance contained a specific provision that allowed all State agency employees to use accrued sick time and paid leave to become fully vaccinated provided they began the process on or prior to October 18, 2021.

73.    Defendants granted each Plaintiff a religious exemption at the same time they made their decision not to accommodate them.

74.    Defendants did not permit any interactive dialogue with any exempt Plaintiff after it granted them a religious exemption and then proceeded to make an accommodation decision for each exempt employee.

75.    Each Plaintiff requested reasonable accommodations such as weekly testing and continuing the current protective and safety measures that had worked successfully for each Plaintiff for the past 18 months, but Defendants would not consider any alternative accommodation after they granted each Plaintiff a religious accommodation.

76.    Each Plaintiff requested less restrictive alternatives than terminating their continued public employment like administrative leave without pay until the pandemic subsided, a different vaccine became available that did not conflict with their sincerely held religious

COMPLAINT                                              12        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
                                                                      720 Seneca Street, Ste. 107, No. 393
                                                                      Seattle, WA 98101
                                                                      (206) 799-4221

beliefs, or an equally effective alternative to stem COVID's spread became available, but Defendants refused to consider any less restrictive alternative.

77.    Defendants did not seek to impose the least restrictive alternative that could equally serve the State's interest in stemming COVID's spread,

78.    Defendants did not allow any Plaintiff a meaningful opportunity to contest Defendants' decision to not accommodate them and then eventually terminated each Plaintiff's continued public employment.

79.    Specifically, Defendants did not permit any Plaintiff an opportunity to present rebuttal affidavits or declarations contesting the bases upon which Defendants made their accommodation decision.

80.    Defendants did not undertake any benefit/burden analysis as to each Plaintiff when making their respective accommodation decision; rather, Defendants terminated each Plaintiff in mass using the same boilerplate letters that they sent to each Plaintiff.

81.    Defendants' accommodation decisions were made contrary to the expressed provisions in Proclamation 21-14.2.

82.    Each Plaintiff properly submitted a Notice of Tort Claim and allowed sixty days to expire prior to each Plaintiff commencing this action.

83.    Each Plaintiff awaited an opportunity to engage in a meaningful interactive dialogue and a pre-deprivation hearing before making a final decision to not become fully vaccinated up until Defendants no longer permitted each Plaintiff to come to work and perform their essential job functions, which was on or after October 18, 2021.

COMPLAINT                    13        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
                                       720 Seneca Street, Ste. 107, No. 393
                                       Seattle, WA 98101
                                       (206) 799-4221

84. Defendants did not offer any Plaintiff a meaningful post-deprivation hearing regarding DOT's accommodation decision and involuntarily terminated each Plaintiff's continued public employment.

85. Defendants did not notify or offer any Plaintiff a robust full evidentiary hearing regarding their accommodation decision or their decision to involuntarily terminate each Plaintiff's continued public employment.

## V.    FIRST CAUSE OF ACTION – WLAD FAILURE TO ACCOMMODATE

86. Plaintiffs reallege the allegations ¶¶1-12 and 14-85 of this Complaint.

87. Defendants reviewed each Plaintiff's religious exemption request.

88. After Defendants reviewed each Plaintiff's religious exemption request, they agreed each Plaintiff sincerely held a religious belief that interfered with their ability to become fully vaccinated and comply with the Get Vaccinated, Accommodated or be Terminated Mandate.

89. Each Plaintiff, therefore, qualified for, and was granted, a religious exemption from having to become fully vaccinated and were excused from having to become fully vaccinated and complying with the Get Vaccinated, Accommodated or be Terminated Mandate.

90. Based on Defendants' agreement that each Plaintiff qualified for a religious exemption from the Get Vaccinated, Accommodated or be Terminated Mandate,

91. Each Plaintiff notified Defendants about their sincerely held religious beliefs and personal autonomy rights.

COMPLAINT                                         14        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

92.    Concurrent with Defendants granting each Plaintiff a religious exemption from having to comply with the Get Vaccinated, Accommodated or be Terminated Mandate, Defendants, without any interactive dialogue involving any Plaintiff, summarily denied each Plaintiff a religious accommodation and notified them about their decision in the same letter wherein they notified them that their religious exemption request was granted.

93.    After Defendants made their unilateral accommodation decision as to each Plaintiff, DOT's official policy that implemented and applied the Get Vaccinated, Accommodated or be Terminated Mandate invited each Plaintiff to have an informal discussion with Defendants whereby each Plaintiff could discuss Defendants' accommodation decision.

94.    Plaintiffs represent the group of religiously exempt DOT employees who adamantly asserted their free exercise and bodily autonomy rights; and they tried, in vain, to persuade Defendants that Defendants were legally required to provide them a religious accommodation.

95.    Multiple Plaintiffs attempted to, and some did, informally discuss with Defendants, or a DOT representative they appointed, the decision to not accommodate them and firmly asserted their free exercise and personal autonomy rights.

96.    These informal discussions were a sham.    Defendants themselves or their designated representatives refused to discuss the basis for their accommodation decision.

97.    Defendants permitted no discussion whatsoever regarding the current medical information regarding COVID-19, including but not limited to: therapeutic interventions that reduced the severity of health consequences if a person was infected; breakthrough infections

COMPLAINT                                    15    **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

amongst the fully vaccinated; comparative threat of transmission between the unvaccinated and the fully vaccinated; the current threat of transmission that DOT accepted by allowing fully vaccinated DOT employees to continue their public employment; the incremental increase in transmission threat, if any, if the few unvaccinated religiously exempt DOT workers were allowed to continue their public employment; natural immunity's efficacy at preventing reinfection and transmission, the then existing COVID-19 vaccines' efficacy at preventing infection and transmission, or the current transmission data that showed on a more likely than not basis, and to a medical certainty, that each infected person infected multiple people despite widespread COVID-19 vaccinations having been administered since they were granted emergency use authorization by the US Food and Drug Administration in 2020.

98.     This latter data proved to be true. By 2023, 80%-90% of the U.S. population had become infected with COVID.

99.     This infection percentage occurred despite over 90% of DOT's workforce becoming fully vaccinated.

100.    Some Plaintiffs attempted to propose accommodations for the religiously exempt DOT employees such as requiring weekly testing plus continuing to comply with the safety and precaution measures that they had successfully complied with during the prior 18 months, which included isolation upon infection discovery, masking, and social distancing, .

101.    DOT did not trace any COVID transmission to any Plaintiff since the pandemic began.

102.    Defendants refused to consider any accommodation proposed by any Plaintiff.

COMPLAINT                                    16      **ARNOLD JACOBOWITZ & ALVARADO PLLC**
                                                     720 Seneca Street, Ste. 107, No. 393
                                                     Seattle, WA 98101
                                                     (206) 799-4221

103.    Some Plaintiffs proposed less restrictive alternatives than terminating each Plaintiff's continued public employment such as administrative leave without pay, periodic review of the need for exclusion from DOT's active workforce, and reinstatement if there was a substantial change in circumstances.

104.    Administrative leave without pay, periodic review, and reinstatement if there was a substantial change in circumstances was a less restrictive alternative that would equally serve the State's interests.

105.    Administrative leave without pay, periodic review, and reinstatement if there was a substantial change in circumstances was also a viable less restrictive alternative to terminating each Plaintiff's continued public employment.

106.    After the Governor issued Proclamation 21-14.2, he amended and superseded that Proclamation on November 24, 2021, when he issued Proclamation 21-14.3, which became effective upon issuance.

107.    After the Governor issued Proclamation 21-14.3, he amended and superseded that Proclamation on March 23, 2022, when he issued Proclamation 21-14.4, which became effective upon issuance.

108.    After the Governor issued Proclamation 21-14.4, he amended and superseded that Proclamation on May 20, 2022, when he issued Proclamation 21-14.5, which became effective upon issuance.

109.    Finally, on October 28, 2022, the Governor issued Proclamation 21-14.6 that amended and superseded Proclamation 21-14.6 that rescinded the Get Vaccinated,

COMPLAINT                                17      **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

Accommodated or be Terminated Mandate. Proclamation 21-14.6 became effective as of 11:59 p.m. on October 31, 2022.

110.    Had Defendants utilized the less restrictive alternative of placing each Plaintiff and other religiously exempt DOT employees on administrative leave without pay, periodically reviewed the need for them being excluded from DOT's active workforce, and reinstated each Plaintiff after Proclamation 21-14.6 became effective, then each Plaintiff would have been restored to their pension benefits and their position, this action for reinstatement would not have been necessary, and each Plaintiff's claim(s) against DOT would be more limited than they are presently. If reinstated, then ostensibly their claims would be what monetary damages (backpay), if any, to which they may be entitled.

111.    Defendants were obligated to utilize the least restrictive alternative to terminating each Plaintiff's continued public employment that would equally serve the State's interest when they denied each Plaintiff a religious accommodation.

112.     Despite their obligation to utilize the least restrictive alternative, Defendants freely and voluntarily chose to implement and apply the most restrictive alternative which was to not provide any Plaintiff with a religious accommodation and terminate their continued public employment if they did not start the process of becoming fully vaccinated by October 18, 2021.

113.    The proposed reasonable accommodations and less restrictive alternatives Plaintiffs proposed would have imposed no significant burden on DOT had they been utilized.

114.    Defendants violated WLAD by failing to reasonably accommodate each Plaintiff's religious exemption.

COMPLAINT                                    18    **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

## VI.    SECOND CAUSE OF ACTION- WRONGFUL TERMINATION

115.    Plaintiffs reallege ¶¶1-12, 14-85, and 87-113 of this Complaint.

116.    Defendants wrongfully terminated each Plaintiff's continued public employment in violation of this State's public policy.

117.    Washington law recognizes a private right of action for tort damages when employers terminate their employee's employment for reasons that are against Washington's stated public policy.

118.    Washington's stated public policy is determined by Washington's State Constitution, its statutes, and its Supreme Court's binding  judicial decisions.

119.    Moreover, the Washington Constitution, Article I, §1, expressly acknowledges the United States Constitution is the supreme law of the land. Accordingly, binding decisions from the United States Supreme Court interpreting and construing the United States Constitution are also Washington's public policy.

120.    The Washington State Constitution, Article I, §11, protects each Plaintiff from State interference with their right to freely exercise their sincerely held religious beliefs that is not narrowly tailored to serve only the State's compelling interests.

121.    The Washington State Constitution's free exercise clause provides equal or greater protection to each Plaintiff than the Free Exercise Clause in the United States Constitution's First Amendment, which is made applicable to Washington State by the Fourteenth Amendment to the United States Constitution.

COMPLAINT                                    19      **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

122.    The Washington State Constitution,  Article I §7, protects each Plaintiff from state interference with their personal autonomy in making health care decisions for themselves.

123.     At the time Defendants made their decision to not accommodate any Plaintiff's religious exemption, the Washington State Supreme Court had long decided by binding judicial decision that each of the foregoing rights are fundamental, must withstand strict scrutiny, and needed to be narrowly tailored to serve only the State's compelling interests.

124.    Moreover, at this time, the United States Supreme Court had decided by a series of binding majority decisions in late 2020 through June 2021 that State action infringing on Free Exercise rights was not generally applicable if there was a mechanism for the State to make individualized decisions amongst similarly situated persons as to who would be subject to the State action and who would not be subject to the State action.

125.    In this case, it was clear to any State official, including Defendant Scarton, that the DOT official policy she created, promulgated and that DOT used was not generally applicable to all unvaccinated DOT employees because it provided a mechanism for Defendants to make individualized determinations amongst its unvaccinated employees, all of whom had the same perceived risks to contravene the State's proffered interests, as to those who could continue their public employment and those who could not continue their public employment.

126.    At the time, the United States Supreme Court had decided by a series of binding majority decisions in late 2020 through June 2021 that State action  infringing upon Free Exercise rights was not generally applicable if it treated religious concerns differently and less favorably than secular concerns.

COMPLAINT                                        20      **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

127. In this case, Defendants wielded the unbridled discretion they bestowed upon themselves to make individualized accommodation decisions that treated DOT's unvaccinated religiously exempt employees differently and less favorably than the way it treated its unvaccinated secularly exempt employees/

128. At this time, the United States Supreme Court had decided by a series of binding majority decisions in late 2020 through June 2021 that State action that was not generally applicable and infringed upon Free Exercise rights had to withstand strict scrutiny and be narrowly tailored to serve only the State's compelling interests.

129. At this time, the Washington State Supreme Court had long decided that the Washington Constitution, Article I, §7 protected each Plaintiff's right to not disclose confidential health care information.

130. At this time, the United States Supreme Court had long decided that the United States Constitution protected a person's substantive due process rights to medical autonomy and bodily integrity and that those rights were subject to heightened protection.

131. Despite the foregoing provisions in the Washington State and United States Constitution and the binding judicial decisions of the Washington State Supreme Court and the United States Supreme Court, Defendants committed the acts complained of in this Complaint.

132. After each Plaintiff received notice that they may be subject to having their continued public employment terminated by Defendants if they did not begin the process of becoming fully vaccinated on October 18, 2021, each Plaintiff discerned for themselves no earlier than October 18, 2021, to not start the process of becoming fully vaccinated and face the

COMPLAINT                                    21        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

prospect of having Defendants not grant them any religious accommodation or utilize a less restrictive alternative than terminating their continued public employment.

133.    Up until and including October 18, 2021, each Plaintiff themselves, or through one of them who represented their shared interests, attempted to engage the Defendants in an interactive process regarding reasonable accommodations or less restrictive alternatives.

134.    Despite Plaintiffs' good faith and sincere efforts to engage Defendants in that interactive process and Defendants tepid  response, Defendants decided to not provide any religious accommodation to any Plaintiff, not to use any less restrictive alternative and took the penultimate adverse employment action against each Plaintiff, which was terminating their continued public employment effective on October 19, 2021.

135.    Defendants' decisions were motivated by reasons that contravened clear mandates of public policy and infringed on each Plaintiff's ability and insistence to exercise their legal rights and privileges.

136.    Defendants' policy-linked conduct was a significant and substantially motivating factor in their October 18, 2021, decisions.

## VII.    THIRD CAUSE OF ACTION – WLAD DISPARATE IMPACT

137.    Plaintiffs reallege the allegations in ¶¶1-12, 14-85, 87-113, and 116-135 of this Complaint.

138.    DOT's official policy that implemented the Get Vaccinated, Accommodated, or be Terminated Mandate caused the Mandate to fall more harshly on DOT's religiously exempt unvaccinated employees than it did on DOT's unvaccinated secularly exempt employees.

COMPLAINT                                           22        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
                                                                        720 Seneca Street, Ste. 107, No. 393
                                                                        Seattle, WA 98101
                                                                        (206) 799-4221

139. DOT's religiously exempt unvaccinated employees' continued public employments were terminated in far larger and statistically significant numbers and percentages than its unvaccinated secularly exempt employees such that the impact more likely than not did occur by mere chance.

140. This disparate impact evidence Defendants' discriminatory motive when they implemented and applied the Get Vaccinated, Accommodated, or be Terminated Mandate to all DOT's unvaccinated exempt employees

141. Defendants, therefore, violated RCW 49.60.180 by engaging in discriminatory employment practices.

## VIII.    FOURTH CAUSE OF ACTION- WLAD DISPARATE TREATMENT

142. Plaintiffs reallege the allegations in ¶¶1-12, 14-85, 87-113, and 116-135 and 138-140 of this Complaint.

143. Plaintiffs were unvaccinated DOT employees who were religiously exempt from having to become fully vaccinated.

144. Plaintiffs were similarly situated to DOT's unvaccinated employees who were secularly exempt from having to become fully vaccinated.

145. Both DOT's religiously exempt employees and its secularly exempt employees performed the same or similar essential public-facing job functions; and they were, therefore, similarly situated.

146. The only difference between Plaintiffs and DOT's unvaccinated secularly exempt employees was Plaintiffs' exemptions were granted so they could freely exercise their sincerely

COMPLAINT                    23    **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

held religious beliefs while DOT's unvaccinated secularly exempt employees' exemptions were granted for secular reasons.

147.    Given this distinction, Plaintiffs are members of a protected class – those who freely exercise their sincerely religious beliefs free from State interference that is not narrowly tailored to serve only the State's compelling interests.

148.    Moreover, Plaintiffs were asserting fundamental rights to free exercise and personal autonomy that are protected by the Washington State Constitution from State interference that is not narrowly tailored to serve only the State's compelling interests.

149.    Plaintiffs were asserting fundamental rights to Free Exercise that are protected by the Free Exercise Clause in the United States Constitution's First Amendment that is made applicable to the State by the Fourteenth Amendment to the United States Constitution.

150.    .Plaintiffs were also asserting rights to bodily integrity and medical autonomy that are protected by the substantive process clause of the Fourteenth Amendment to the United States Constitution absent heightened scrutiny.

151.    When making their accommodation decisions for DOT's unvaccinated exempt employees, Defendants treated Plaintiffs and all DOT's unvaccinated religiously exempt employees differently and less favorably than DOT's unvaccinated secularly exempt employees who were similarly situated.

152.    There is no legitimate nondiscriminatory reason that justified Defendants' disparate treatment of Plaintiffs from their similarly situated unvaccinated counterparts who were secularly exempt from having to become fully vaccinated.

COMPLAINT                    24    **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

153. Defendants violated WLAD's prohibition on religious discrimination in employment practices.

## IX. FIFTH CAUSE OF ACTION – WLAD RETALIATION

154. Plaintiffs reallege the allegations in ¶¶1-12, 14-85, 87-113, and 116-135 and 138-140, 142-155 in this Complaint.

155. Plaintiffs were engaging in protected activity by asserting their rights to be free from State interference on their Free Exercise and personal autonomy rights that are not narrowly tailored to serve only the State's compelling interests.

156. When Plaintiffs engaged in their protected activities and protested to Defendants that their conduct was wrongful, Defendants retaliated against Plaintiffs by wielding their unbridled discretion they bestowed upon themselves and refused each Plaintiff any religious accommodation, refused any less restrictive alternative, and terminated their continued public employment effective on October 19, 2021.

157. A substantial motivating factor for Defendants' decisions was to retaliate against each Plaintiff for engaging in the protected activity described in this Complaint.

158. Defendants have no legitimate nonretaliatory reason justifying their treating Plaintiffs differently than similarly situated unvaccinated religiously exempt employees who were accommodated and allowed to continue their public employment unvaccinated.

159. Defendants have no legitimate nonretaliatory reason justifying their treating Plaintiffs differently than other unvaccinated exempt employees who they accommodated and were allowed to continue their public employment with DOT.

COMPLAINT                                    25        **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

160.    Defendants violated WLAD by retaliating against each Plaintiff for them engaging in protective activity.

## X.    DAMAGES ALLEGATIONS AS TO ALL CLAIMS

161.    Defendants' decisions proximately caused each Plaintiff  economic and noneconomic damages.

162.    Each Plaintiff suffered emotional distress that was objectively manifested by loss of appetite; sleep abnormalities; intrusive and recurring thoughts; worry; anxiety; difficulty concentrating, focusing, and paying attention; and other symptoms that affected their daily functioning.

163.    Each Plaintiff's economic and noneconomic damages will be proven at trial, but each Plaintiff's damages exceed $200.

164.    Plaintiffs have been, and continue to be, irreparably harmed by not being able to engage in their livelihood with the Defendant DOT.

165.     Defendants' conduct alleged in this Complaint caused each Plaintiff to hire the services of the undersigned attorneys, and each of them agreed their attorneys a reasonable fee for their services.

166.    Defendants are responsible and liable for Defendants' reasonable attorney fees and costs pursuant to WLAD, other statutes, and recognized grounds in equity.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and each of them, pray for the following relief against the Defendant:

COMPLAINT                          26          **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221

1.      Prospective Injunctive Relief of Reinstatement.

2.      Monetary judgment for all compensatory economic and noneconomic damages each Plaintiff suffered as a direct and proximate result of Defendants' conduct alleged herein.

3.      Attorney fees and costs pursuant to  WLAD, Washington Equal Access to Justice Act, and any other statute or recognized ground in equity.

4.      Such further relief that is just and equitable.

DATED this 18th day of December 2024.

**ARNOLD JACOBOWITZ &
ALVARADO PLLC**

*s/ Nathan J. Arnold*
Nathan J. Arnold, WSBA No. 45356
Lesley Alvarado, WSBA No. 61465
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221
Nathan@AJAlawyers.com
*Counsel for Plaintiffs*

**THE WESTERN WASHINGTON
LAW GROUP, PLLC**

*s/ Dennis McGlothin*
Dennis McGlothin, WSBA No. 28177
10485 Northeast Sixth Street, No. 1820
Bellevue, WA 98004
(425) 728-7296
docs@westwalaw.com
*Counsel for Plaintiffs*

COMPLAINT                                    27      **ARNOLD JACOBOWITZ & ALVARADO PLLC**
720 Seneca Street, Ste. 107, No. 393
Seattle, WA 98101
(206) 799-4221